UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HECTOR RIVERA,

                    Petitioner,

              -against-

UNITED STATES OF AMERICA,

                    Respondent.

16 Civ. 4600 (LAP)
08 Cr. 1327 (LAP)

OPINION & ORDER

LORETTA A. PRESKA, Senior United States District Judge:

    Before the Court is Petitioner Hector Rivera's ("Mr. Rivera")
motion, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or
correct his sentence.[1]  Petitioner argues that his "sentence
exceeds the maximum allowed by law" because Hobbs Act robbery is
not a "crime of violence" under 18 U.S.C. § 924(c).  (See Mot.
Vacate at 5.)  The Government opposes the motion.  (See dkt. no.
359, dated Feb. 7, 2022.)  For the reasons set forth below,
Petitioner's § 2255 motion is denied.

---

[1] (See Mot. Under 28 U.S.C. § 2255 to Vacate, Set Aside, or
Correct Sentence by a Person in Federal Custody ("Mot. Vacate"),
dated June 15, 2016 [dkt. no. 322]; dkt. no. 1 in 16-cv-4600;
see also dkt. no. 357; dkt. no. 13 in 16-cv-4600.)  Unless
otherwise specified, all citations to docket entries herein
refer to 8-cr-1327.

I.   **Background**

   Between 2002 and 2008, Petitioner and his co-defendants committed a series of crimes, consisting primarily of robberies in New York.[2]  Petitioner was allegedly the leader of the crew responsible for such crimes.  In furtherance of the robberies relevant to Petitioner's instant motion, Petitioner and his co-defendants carried, possessed, and used firearms, as well as brandished such firearms "during and in relation to" crimes of violence.  (See Indictment at 5-7.)

   a. The Indictment

   On July 23, 2009, a grand jury charged Petitioner and his co-defendants in a seven-count Superseding Indictment (the "Indictment").  (See id.)  The Indictment principally charged Petitioner and his co-defendants with conspiracy to commit Hobbs Act robbery, Hobbs Act robbery, and Hobbs Act extortion.  (See id.)  Petitioner was charged with six counts.  (See id. at 1-7.) The charges relevant to this motion are briefly summarized below.

   Counts Three and Five charged Petitioner and his co-defendants with—during and in relation to crimes of violence—use, carrying, and possession of firearms, which were brandished, and aiding and abetting that use, carrying, and

---

[2] (See Indictment, dated July 23, 2009 [dkt. no. 137]; see also Summary Order, dated July 23, 2014 [dkt. no. 312] at 2.)

possession, in connection with the robberies charged in Counts
Two and Four,[3] respectively, in violation of 18 U.S.C. §§ 924(c)
and 2.  (See id. at 5-7.)

b. Trial and Sentencing

On December 14, 2009, following a trial before Judge Harold
Baer, a jury found Petitioner guilty of all counts against him.[4]
Subsequently, on May 20, 2010, Petitioner "was sentenced
principally to imprisonment of one day each on Counts One, Two,
Four, and Six, to run concurrently, followed by a mandatory
minimum sentence of seven years on Count Three and twenty-five
years on Count Five, to run consecutively, for a total term of
384 months and one day."  (Summary Order at 3-4; Judgment at 3.)
In addition, Petitioner was sentenced to three years supervised
release following his term of imprisonment.  (Judgment at 4.)

c. The Defendant's Appeal

On May 25, 2010, Petitioner appealed his conviction and
sentence to the Court of Appeals.[5]  On direct appeal, Petitioner
principally challenged "(1) the sufficiency of the evidence used
to convict him on Counts Three and Five for aiding and abetting

---

[3] Counts Two and Four charged Petitioner with robbery in
violation of 18 U.S.C. § 1951 (the "Hobbs Act").  (See
Indictment at 4-6.)
[4] (See Judgment in a Criminal Case ("Judgment"), dated May 25,
2010 [dkt. no. 228] at 1; see also Summary Order at 3.)
[5] (See Notice of Appeal ("Appeal"), dated May 25, 2010 [dkt. no.
231].)

3

the use of a firearm in connection with two Hobbs Act robberies, in violation of 18 U.S.C. § 924(c) and 2; (2) the decision of the District Court to disqualify his chosen counsel, over his objection, based on the existence of potential conflicts; (3) the decision of the District Court to excuse a juror after having an ex parte conversation with the juror at the request of the parties, but without further discussing the issue with the parties; and (4) the imposition of a seven-year mandatory minimum sentence on Count Three for 'brandishing' a firearm, where the jury did not make a specific finding that the firearm was 'brandished.'"  (Summary Order at 2.)  The Court of Appeals denied each of Petitioner's arguments.  (See id. at 4-8.)

     d. The Instant Motion

     Before the Court is Petitioner's habeas claim, brought pursuant to 28 U.S.C. § 2255 on June 15, 2016.  (See Mot. Vacate.)  Petitioner challenges the Court's holding that Hobbs Act robbery is a "crime of violence" under 18 U.S.C. § 924(c) in light of the Supreme Court's decision in Johnson v. United

States (see id. at 5).[6]  See 18 U.S.C. §§ 924(c), 1951(a)-(b)(1)

(the "Hobbs Act").  Pending clarification by the Court of

Appeals of Johnson's application to particular issues, the Court

issued a Standing Order allowing "Federal Defenders of New York

and other counsel appointed for Johnson matters under the

Criminal Justice Act . . . to file initial petitions under 28

U.S.C. § 2255 on or before June 27, 2016, utilizing the Court's

form petition as a 'placeholder' petition."[7]  Subsequently, "the

parties jointly propose[d] that the Court hold Mr. Rivera's

motion in abeyance pending a decision from the Second Circuit in

United States v. Barrett, 14-2641 and a decision on a request

---

[6] See Johnson, 576 U.S. 591 (2015) (invalidating the residual
clause of the Armed Career Criminal Act ("ACCA") on the basis
that it is unconstitutionally vague); ACCA, 18 U.S.C.
§ 924(e)(2)(B) (defining "violent felony" as "any crime
punishable by imprisonment for a term exceeding one year . . .
that—(i) has as an element the use, attempted use, or threatened
use of physical force against the person of another; or (ii) is
burglary, arson, or extortion, involves use of explosive, or
otherwise involves conduct that presents a serious potential
risk of physical injury to another"(emphasis added)).  The
"residual clause" refers to the underlined language.  See
Johnson, 576 U.S. at 593–94.

[7] (Standing Order, dated June 8, 2016 [dkt. no. 323].)  The
Standing Order was issued "to allow the Court of Appeals to
clarify the application of Johnson to particular issues so that
the District Court may render consistent rulings, and to avoid
the District Court and the parties from being overwhelmed by the
filing of hundreds of habeas petitions on this issue at one
time."  (Id.)  As such, Petitioner's § 2255 motion [dkt. no.
322] initially served only as a "placeholder."  (See Order,
dated July 19, 2016 [dkt. no. 325].)

for certiorari or rehearing in <u>United States v. Hill</u>, 14-3872."[8]
The Court granted the parties' request.[9]  On August 30, 2019 and
January 7, 2019, the Court of Appeals decided each case,
respectively,[10] after which Petitioner filed the instant § 2255
motion.  (<u>See</u> Mot. Vacate.)

## II.  <u>Legal Standard</u>

### a. <u>The Habeas Statute and the Mandate Rule</u>

28 U.S.C. § 2255 provides that a federal prisoner "may move
the court which imposed the sentence to vacate, set aside, or
correct the sentence" on the grounds, <u>inter alia</u>, "that the
sentence was imposed in violation of the Constitution or laws of
the United States, or that the sentence was in excess of the
maximum authorized by law, or is otherwise subject to collateral
attack."  28 U.S.C. § 2255(a).  Generally, § 2255 motions are
subject to the mandate rule, which prohibits relitigating issues
already decided on direct appeal.[11]  <u>See</u> <u>Mui v. United States</u>,
614 F.3d 50, 53 (2d Cir. 2010) (citing <u>Burrell v. United States</u>,

---

[8] (Dkt. no. 329, dated Aug. 16, 2016); <u>see</u> <u>United States v. Hill</u>,
890 F.3d 51 (2d Cir. 2018), <u>cert. denied</u> <u>sub nom.</u> <u>Hill v. United
States</u>, 139 S. Ct. 844 (2019); <u>United States v. Barrett</u>, 937
F.3d 126 (2d Cir. 2019).
[9] (Dkt. no. 331, dated Aug. 16, 2016.)
[10] (Order, dated Sept. 8, 2021 [dkt. no. 348].)  The Second
Circuit's holdings in <u>Barrett</u> and <u>Hill</u> are further explained
below.
[11] Petitioner did not raise the present issue on direct appeal
because "[t]he legal basis of the claim was not available [at
the time] because <u>Johnson</u> had not yet been decided."  (Mot.
Vacate at 5.)

467 F.3d 160, 165 (2d Cir. 2006); <u>United States v. Minicone</u>, 994 F.2d 86, 89 (2d Cir. 1993)).  Moreover, "[t]he mandate rule "prevents re-litigation in the district court not only of matters expressly decided by the appellate court, but also precludes re-litigation of issues impliedly resolved by the appellate court's mandate."  <u>Mui</u>, 614 F.3d at 53.

### III. <u>Discussion</u>

On or about November 29, 2005, and December 20, 2007, Petitioner and his co-defendants committed two robberies, the former of a wholesale diamond business, (Indictment at 5-6), and the latter of a Federal Express tractor-trailer truck (<u>id.</u> at 6-7).  In doing so, Petitioner and his co-defendants used, carried, and possessed firearms, which were brandished during each robbery.  (See <u>id.</u> at 5-7.)

The primary question presented to this Court underlying Petitioner's § 2255 motion is whether the predicate crime—Hobbs Act robbery—constitutes a "crime of violence" under 18 U.S.C. § 924(c).  (See Mot. Vacate at 5; <u>see also</u> dkt. no. 359.)  As relevant to the instant motion, Petitioner specifically argues that Hobbs Act robbery does not qualify as a crime of violence under § 924(c)(3)(A) because it "does not necessarily require, as an element, either (1) the presence of violent physical force or (2) the intentional employment of such force."  (Mot. Vacate at 5.)  The Government opposes Petitioner's motion, relying on

7

the Court of Appeals' holding that Hobbs Act robbery constitutes a "crime of violence" under § 924(c)(3)(A), thus precluding Petitioner's claim.  (Dkt. no. 359); see Hill, 890 F.3d at 53. The Court agrees with the Government.

   a. Relevant Statutory Law

   The Court will begin by reviewing the relevant statutory texts.  18 U.S.C. § 924(c)(3) defines a "crime of violence" as a felony offense that—

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another,[12] or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.[13]

18 U.S.C. § 924(c)(3).  As pertinent here, § 924(c)(1) further provides that—

> (A) . . . any person who, during and in relation to any crime of violence . . . (including a crime of violence . . . that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) . . . , uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence . . . —
>
> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years . . . .

Id. § 924(c)(1).  Finally, § 924(c)(1) requires that—

---

[12] See Hill, 890 F.3d at 54 (referring to § 924(c)(3)(A) as the "force clause").
[13] See id. (referring to § 924(c)(3)(B) as the "risk-of-force clause").

> (C) [i]n the case of a violation of [subsection (c)]
> that occurs after a prior conviction under [subsection
> (c)] has become final, the person shall—
>
> (i) be sentenced to a term of imprisonment of not less
> than 25 years . . . .

Id.

Here, Counts Three and Five of the Indictment are
predicated on Petitioner's involvement in Hobbs Act robberies.
(See Indictment at 1–5); see 18 U.S.C. § 1951.  In relevant
part, the Hobbs Act penalizes any individual who—

> (a) [] in any way or degree obstructs, delays, or affects
> commerce or the movement of any article or commodity in
> commerce, by robbery or extortion or attempts or
> conspires so to do, or commits or threatens physical
> violence to any person or property in furtherance of a
> plan or purpose to do anything in violation of this
> section . . . .

18 U.S.C. § 1951(a) (emphasis added).  Lastly, subsection (b)
defines "robbery" as—

> (1) . . . the unlawful taking or obtaining of personal
> property from the person or in the presence of another,
> against his will, by means of actual or threatened
> force, or violence, or fear of injury, immediate or
> future, to his person or property, or property in his
> custody or possession, or the person or property of a
> relative or member of his family or of anyone in his
> company at the time of the taking or obtaining.

Id. § 1951(b)(1).

b. Analysis

Petitioner argues that Hobbs Act robbery is not a "crime of
violence" under § 924(c), relying on Johnson, where the Supreme
Court invalidated the "residual clause" of § 924(e)(2) on the

basis that it was "unconstitutionally vague."  <u>Johnson</u>, 576 U.S. at 597; <u>see</u> 18 U.S.C. § 924(e).  Notwithstanding <u>Johnson</u>, the Court of Appeals compared § 924(c) with the Hobbs Act to conclude that Hobbs Act robbery categorically constitutes a predicate "crime of violence" under § 924(c)(3)(A) because it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."  <u>See</u> <u>Hill</u>, 890 F.3d at 51, 60 (quoting § 924(c)(3)(A)).

Following <u>Hill</u>, the Supreme Court held that § 924(c)(3)(B), <u>i.e.</u>, the "residual clause," is unconstitutionally vague.  <u>See</u> <u>United States v. Davis</u>, 139 S. Ct. 2319, 2336 (2019).  Despite <u>Davis</u>, however, two subsequent Court of Appeals' decisions explicitly upheld <u>Hill</u>.[14]  While Petitioner "acknowledges that the holding in <u>Hill</u> forecloses his claim, [he] contend[s] that <u>Hill</u> was wrongly decided, thus preserving the issue for further review."  (Dkt. no. 357.)

---

[14] <u>See</u> <u>United States v. McCoy</u>, 995 F.3d 32, 54 (2d Cir. 2021) ("<u>Hill</u>'s conclusion that Hobbs Act robbery is a crime of violence within the meaning of § 924(c)(3)(A) was not eroded by the Supreme Court's subsequent ruling in <u>Davis</u> that the alternative crime-of-violence definition in § 924(c)(3)(B) was unconstitutionally vague.  Rather, after <u>Davis</u>, a § 924(c) conviction based on a crime of violence is valid only under § 924(c)(3)(A)."); <u>Barrett</u>, 937 F.3d at 130 ("If there is anything <u>Davis</u> makes clear, it is the Supreme Court's conviction that . . . § 924(c)(3)(B) [is] unconstitutionally vague . . . .") (affirming the Court of Appeals' previous decision that Hobbs Act robbery is a "crime of violence" under § 924(c)(3)(A)).

To determine whether a predicate offense constitutes a "crime of violence," the Second Circuit employs a "categorial approach."  McCoy, 995 F.3d at 54-55; see Taylor v. United States, 495 U.S. 575 (1990).  This approach "requires that where Congress has defined a violent felony as a crime that has the use or threat of force 'as an element,' the courts must . . . focus[] categorically on the offense's statutory definition, i.e., the intrinsic elements of the offense, rather than on the defendant's particular underlying conduct."  McCoy, 995 F.3d at 54.  In doing so, the court must "consider the minimum conduct necessary for a conviction of the predicate offense . . ., and then [] consider whether such conduct amounts to a crime of violence under § 924(c)(3)(A)."  Hill, 890 F.3d at 56.

Turning to Petitioner's claim, as a threshold matter, Petitioner was not charged with violating § 924(c)(1)(B), which, as explained above, was invalidated by Davis.  See Davis, 139 S. Ct. 2319.  Rather, Petitioner was charged with violating §§ 924(c)(1)(A) and (C).  (See Indictment at 5-7.)  Prior Court of Appeals' decisions make clear that the foregoing subsections of § 924 are distinguishable from subsection (c)(1)(B) and that the Supreme Court has only invalidated subsection (c)(1)(B).[15]  Further, the Court of Appeals has more than once upheld the

---

[15] See supra note 14; see also Davis, 139 S. Ct. at 2336.

Supreme Court's decision in <u>Hill</u> that Hobbs Act robbery "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."[16]  Moreover, "all of the circuits to have addressed [this] issue" have held "that Hobbs Act robbery satisfies [§ 924(c)(1)(A)]."  <u>Hill</u>, 890 F.3d at 56, 60 n.7.  As such, this Court finds no basis to depart from the Court of Appeals' previous decisions that Hobbs Act robbery constitutes a predicate crime of violence under § 924(c)(1)(A).

---

[16] <u>See</u> <u>United States v. Barrett</u>, 903 F.3d 166, 184–85 (2d Cir. 2018) ("Our decision in [<u>Hill</u>] compels the conclusion that the predicate substantive Hobbs Act robberies supporting [defendant's] § 924(c)(1)(A) . . . conviction[] . . . [is a] categorical crime[] of violence as defined in 18 U.S.C. § 924(c)(3)(A)."), <u>aff'd in part</u>, <u>vacated in part</u>, 937 F.3d 126; <u>McCoy</u>, 995 F.3d at 54 ("Comparing [§§ 924(c)(3)(A) and 1951(a) and (b)(1)], [the Second Circuit] concluded that Hobbs Act robbery has as an element the use, attempted use, or threatened use of physical force against the person or property of another, and thus is a crime of violence within the meaning of that provision." (cleaned up)).

IV.   <u>**Conclusion**</u>

For the reasons set out above, Petitioner's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (dkt. no. 322) is denied.

The Clerk of the Court is directed to close the open motions (dkt. no. 322 in 08-cr-1327; dkt. no. 1 in 16-cv-4600) and close case number 16-cv-4600.  The Clerk of the Court is further directed to mail a copy of this order to Mr. Rivera.

**SO ORDERED.**

Dated:     New York, New York
           April 26, 2022

LORETTA A. PRESKA
Senior United States District Judge